**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------ x
:
RENZER BELL, :
:
                           Plaintiff, :
: MEMORANDUM DECISION
        -against- : AND ORDER
:
MANHATTAN MOTORCARS, INC., BRIAN : 06 CV 4972 (GBD)
MILLER, and EVAN CHRISTODOULOU, :
:
                        Defendants. :

------------------------------------ x

GEORGE B. DANIELS, District Judge:

In an action based on diversity jurisdiction, *pro se* plaintiff Renzer Bell seeks monetary damages for breach of contract, breach of express warranty and fraudulent inducement. The amended complaint names a corporate defendant and two individual defendants: Manhattan Motorcars, Inc., (Manhattan Motorcars), President Chief Executive Officer Brian Miller, and General Manager Evan Chistodoulou. Plaintiff alleges that each act of the corporate defendant, as well as each act of the individual defendants, is chargeable and binding as to all defendants.

Defendants have moved to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim, failure to plead fraud with requisite particularity, lack of subject matter jurisdiction, and improper service. Defendants also moved to dismiss all claims against the individual defendants. In lieu of a brief in response to defendants' motion, plaintiff cross-moved for partial summary judgment as a matter of law for breach of expressed warranty. Plaintiff's motion for partial summary judgment is denied. Defendants' motion to dismiss plaintiff's claims against the corporate defendant for breach of contract and breach of warranty is denied. Defendants' motion to dismiss plaintiff's claim against the

corporate defendant for fraudulent inducement is granted.  Defendants' motion to dismiss all claims against the individual defendants is granted.

## FACTUAL HISTORY

This action arises from a dispute between plaintiff as buyer, and defendants as sellers for breach of contract for the sale of a luxury vehicle, the Porsche 911 GT2 Turbo.  On or around March 14, 2000, the parties executed a written form contract, whereby Manhattan Motorcars agreed to sell plaintiff a Porsche 911 GT2 Turbo.  Plaintiff alleges that a material condition of the contract was that plaintiff was to receive the "#1 order automobile provided to defendants by Porsche Cars North America, L.L.C." and that such terms were memorialized by a handwritten notation on the contract.[1]  Plaintiff tendered a check for $1,000 as consideration for the parties' agreement.

On or around July 19, 2001, defendants' wrote a letter to plaintiff stating that he would be receiving "a July '02 production car."  Plaintiff alleges that upon receipt of defendants' letter, he assumed that the model specified by defendants was, in fact, the first car received by defendants.  In or around June 2002, plaintiff claims that he discovered from an employee of Manhattan Motorcars that the "#1 order" Porsche 911 GT2 Turbo automobile had been sold to another customer.  Based upon these allegations, plaintiff filed this action against the aforementioned defendants for breach of contract, fraudulent inducement and breach of express warranty.

This Court has diversity jurisdiction over plaintiff's claims pursuant to 28 U.S.C. §1332.  Plaintiff, a resident of Florida, asserts a claim for $160,000 against Manhattan Motorcars, a

---

[1] Plaintiff refers the Court to the handwritten notation "#1 order" which appears on the top right corner of a standard form sales contract between Manhattan Motorcars and plaintiff.

company whose principal place of business is New York, and against individual defendants who are residents of the state of New York.  New York law governs the substantive common law claims of this action.  Patch v. Stanley Works, 448 F.2d 483, 487 (2d Cir. 1971) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)).

In reviewing a complaint for dismissal under Rule 12(b)(6), this Court must accept the factual allegations in the complaint as true and draw all reasonable inferences in plaintiff's favor.  Bolt Elec., Inc. v. City of New York, 53 F.3d 465, 469 (2d Cir. 1995).  The complaint should only be dismissed where it appears beyond doubt that the plaintiff can present no set of facts entitling him to relief.  See Conley v. Gibson, 355 U.S. 41 (1957); Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774 (2d Cir. 1984).

## STATUTE OF LIMITATIONS

Defendants assert that plaintiff's first and second causes of action are each time-barred.  Under New York law, the time afforded to plaintiff to file an action for breach of contract is four years from the date of the breach, regardless of plaintiff's ignorance of the breach.  See N.Y. U.C.C. § 2-725.  Plaintiff filed the instant action on June 28, 2006.  In his amended complaint, plaintiff alleges that "in or around June 2002" he discovered, from a Manhattan Motorcars employee, that the automobile contemplated in the parties' contract had already been sold to another customer.

Defendants reference the chronology detailed in the amended complaint to urge the conclusion that plaintiff's breach of contract claim must necessarily be time barred under New York's four year statute of limitations.  The complaint, however, states that plaintiff discovered defendants' alleged breach of contract sometime "in or around June 2002".  The complaint does

not specify an exact date in that month.  Thus, plaintiff's allegation leaves open the possibility that on or after June 29, 2002, defendants breached the parties' contract and plaintiff later learned of said breach.  Such a construction of the facts would certainly render plaintiff's complaint timely.  Defendants have not alleged any facts, or put forth any evidence to contradict a timely filing of plaintiff's claim.  Without further specification as to the relevant dates, this Court cannot dismiss plaintiff's breach of contract claim as time-barred.

Defendants also challenge the timeliness of plaintiff's second cause of action for fraudulent inducement.  In New York, a fraudulent inducement claim must be brought within the longer of six years of when the party alleging fraud gives consideration, or two years of the discovery of the fraud. NY C.P.L.R. 213(g).   Under either statutory framework, plaintiff's 2006 filing of a fraudulent inducement claim is time-barred.[2]  The contract itself is dated March 17, 2000.  The $1,000 deposit check is dated April 19, 2000.  A fraudulent inducement claim brought pursuant to either the March 2000 or the April 2000 date would be time-barred.  Plaintiff filed suit in this Court in June 2006, over two months after the most generous period to timely file an action had expired.[3]

## BREACH OF CONTRACT

---

[2] Moreover, plaintiff fails to state a claim for fraudulent inducement for which relief can be granted.  Plaintiff is required to plead his fraud claim with particularity. See Fed. R. Civ. P. 9(b).  "In order to comply with Rule 9(b), the complaint  must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent. " Lerner v. Fleet Bank, N.A., 459 F.3d 273, 290 (2d Cir. 2006) (quoting Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir. 1993) (internal quotations omitted).  Plaintiff fails to identify a speaker and alleges no material misrepresentation of fact on the part of defendants that induced plaintiff to enter into the contract.  Plaintiff's mere allegation that defendants' never had any intention to sell him the desired first received automobile specified in the contract is insufficient to state a claim for fraudulent inducement.

[3] The six-year provision of the statute of limitations provides the more generous filing period, which expired in March 2006 or April 2006.  Plaintiff also failed to file within two years of discovering the alleged fraud in or about June 2004.

As to his breach of contract claim, plaintiff alleges that defendants entered into, but did not adequately perform, a contract to tender to plaintiff the first received Porsche 911 GT2 Turbo. Plaintiff seeks compensatory damages, lost profits, and consequential damages in excess of $80,000, for defendants' alleged breach of contract.  Plaintiff alleges that the "rarity of the Porsche 911 GT2 Turbo early delivery/production cars brought premiums above MSRP in excess of $80,000," and thus defendants' breach of contract resulted in an $80,000 loss of resale value profits to plaintiff.

In their motion to dismiss, defendants urge this Court to dismiss plaintiff's claim because they argue that any recovery of compensatory damages are expressly precluded by the contract, and that plaintiff has no standing to bring the claim.  Defendants quote, in support of their argument, a limiting clause embedded in page two of the parties' agreement.  The section relied upon by defendants is under "Terms of Warranty as required by New York State Law".  That section provides that

> You [Seller} warrant that You [Seller] will repair or replace without cost to me [Buyer] the failure of a covered part on the vehicle described in the agreement between you [Seller] and me [Buyer] on the following conditions...

It further reads,

> [5] Limitations of damages: You [Seller] shall not be held responsible for property damage arising or allegedly arising out of the failure of a covered part.  I [Buyer] also agree that you [Seller] will not be liable to me [Buyer] for the loss of the use of the vehicle, the loss of time, inconvenience, commercial loss, *incidental, consequential or special damages*.

Defendants fail to note that the clause only creates a limitation of liability in favor of the seller for the warranty to repair or replace the failure of a covered part on the vehicle.  The limitations clause has nothing to do with, nor does it reference in any way, the seller's liability

otherwise relating to the performance or non-performance of the sales contract.[4]  It clearly is not a general release from a breach of contract claim.  Plaintiff has sufficiently pled his cause of action for breach of contract to withstand a motion to dismiss – plaintiff alleged the existence of a valid contract, breach of that contract, and damages in excess of $75,000.  Defendants' attempt to preclude plaintiff from the right to recover damages for a breach of contract, by referencing an inapplicable clause limiting liability for the warranty of vehicle parts, must fail.

## BREACH OF EXPRESS WARRANTY

Defendants move to dismiss, for failure to state a claim, plaintiff's additional cause of action for breach of express warranty.  In the amended complaint, plaintiff alleges that he "was induced to enter into the contract with defendants as a result of the defendants' representation to plaintiff that it would in fact receive the contractual right to receive the '1st allocated Porsche 911 GT2 Turbo' automobile provided to defendants by Porsche Cars North America, L.L.C." (Amend. Compl. ¶15).  Plaintiff also alleges that "defendants failed to honor the express warranty extended to the plaintiff that the plaintiff would be given "'#1 order' to purchase the '1st allocated Porsche 911 GT2 Turbo' automobile provided to the defendants by Porsche Cars North of America, L.L.C." (Amend. Compl. ¶ 67).  Plaintiff's claim is sufficiently pled.[5]

Any affirmation of fact or promise which relates to the goods, or any description of the goods at issue, which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation, promise or description.  See N.Y. U.C.C. Law §

---

[4]In fact, the limitations clause is part of the complete terms of an automobile parts warranty package, which is required under New York law to be included the contract.

[5]Plaintiff has moved for partial summary judgment on his breach of express warranty claim.  The motion is denied.  While plaintiff has sufficiently pled his breach of express warranty claim to survive a motion to dismiss, at this juncture, plaintiff has not put forth a set of undisputed facts to warrant summary judgment in his favor.

2-313(1)(a) (McKinney 1993).  Defendants acknowledge that the definition of an express warranty under Section 2-313 is broad.  Nonetheless, they also argue that breach of warranty claims typically involve situations where the physical characteristics of the good or its ability to perform as promised are at issue.  Defendants simply assert, but provide no legal support for their contention, that courts require warranty claims to concern the physical characteristic of a good or its ability to perform as promised.[6]  There is no such limitation in the New York Uniform Commercial Code or in the case law.   The statute states that *any* affirmation of fact, promise, or description, which is part of the basis of the bargain, may create an express warranty.  At this stage, and especially in light of Section 2-313's expansive definition of express warranty, plaintiff's claim for breach of express warranty is sufficiently pled to withstand defendants' Rule 12(b)(6) motion.

### CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS

Defendants move to dismiss the claims against the individual defendants based on the absence of any allegation giving rise to personal liability.  The complaint does not adequately state a claim against the individual defendants.  For a corporate officer to be held liable for the acts of a corporation, "a plaintiff is required to allege specific facts or circumstances to show the actual domination needed to pierce the corporate veil."  Ingeniera y Representaciones

---

[6] Defendants cite Wintel Serv. Corp. v. MSW Elec. Corp., 161 A.D.2d 764, 556 N.Y.S.2d 359 (2d Dep't 1990) and New York City Off-Track Betting Corp. v. Safe Factory Outlet, Inc., 28 A.D.3d 175, 809 N.Y.S.2d 70 (1st Dep't 2006) as support for their contention that breach of warranty claims usually relate to the physical characteristics of the goods at issue, or the ability of the goods to perform as promised.  However, neither of these cases stands the proposition that breach of warranty claims can only be based upon those categories of representations.

Internacionales, S.A. v. Stone & Webster Int'l Projects Corp., No. 96-7335, 1997 WL 529015, at *5 n. 8 (S.D.N.Y. Aug. 25, 1997) (internal quotations omitted).

In New York, courts are reluctant to reach beyond the corporate form. Courts will pierce the corporate veil, and hold an individual liable only "where there was proof that [the individuals] were doing business in their individual capacities to suit their own ends." William Passalacqua Builders, Inc. v. Resnick Developers South, Inc., 933 F.2d 131, 138 (2d Cir. 1991). Courts have found that a particular case warrants piercing of the corporate veil when "the [corporate] form has been used to achieve fraud, or when the corporation has been so dominated by an individual or another corporation . . . and its separate identity so disregarded, that it primarily transacted the dominator's business rather than its own and can be called an alter ego." Id. at 138-139.

"The law is well settled that when a complainant seeks to pierce the corporate veil, [the complainant] must prove that the individual defendant exercised complete domination of the corporation in respect to the transaction attacked and also that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury." Triemer v. Bobsan Corp., 70 F.Supp. 2d 375, 377 (S.D.N.Y.1999) (quoting Morris v. New York State Dep't of Taxation and Fin., 82 N.Y.2d 135 (1993) (internal quotations omitted)).

Here, plaintiff has not alleged any facts that would justify piercing the corporate veil. Plaintiff only alleges that one individual defendant was the general manager of Manhattan Motorcars and refused to return plaintiff's $1000.00 deposit check. Plaintiff makes no allegation about the involvement of the other defendant, except for naming him as an officer of Manhattan Motorcars. The amended complaint makes no allegation that the individuals exerted the requisite

dominion over the corporation to warrant piercing the corporate veil.  Plaintiff's pleadings against the individual defendants are insufficient and must be dismissed.

## SERVICE OF PROCESS

Finally, defendants move to dismiss plaintiff's amended complaint under Rule 12(b)(2) based upon improper service of process.  Defendants claim that the pro se plaintiff failed to execute proper service because the relevant documents were given to and received by a receptionist at Manhattan Motorcars, an individual not authorized to accept service.  In relevant federal practice, service on a corporation is proper if it is executed:

> By delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendants.

Fed. R. Civ. P. 4(h).

Similarly, in New York, service upon a corporation is proper if delivered to "an officer, director, managing or general agent, or cashier or assistant cashier, or to any other agent authorized by appointment or law." N.Y. C.P.L.R. § 311(a)(1). "In tendering service, the process server may rely upon the corporation's employees to identify the individuals authorized to accept service." Old Republic Ins. v. Pac. Fin. Servs. of Am., Inc., 301 F.3d 54, 57 (2d Cir. 2002) (citing Fashion Page, Ltd., v. Zurich Ins. Co., 50 N.Y.2d 265, 271, 428 N.Y.S.2d 890, 406 N.E.2d 747 (1980)). "As long as the process server's reliance on corporate personnel is reasonable, the defendant may not later complain that it lacked notice even if the complaint was mistakenly delivered to a person who was not authorized to accept service." Id. "In New York, a process server's affidavit of service establishes a prima facie case of the account of the method of service, and thus, in the

9

absence of contrary facts," courts presume proper service.  Id.  "A defendant's sworn denial of receipt of service, however, rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing."  Id.

In an affidavit of service, the process server for plaintiff averred that she served defendants "by delivering thereat a true copy of each to . . . receptionist, personally; [the process server] knew said so served to be the corporation described as the named defendant and knew [the receptionist] to be the AUTHORIZED thereof."  In contrast, in an affidavit to support defendants' motion to dismiss, the receptionist for Manhattan Motorcars testified that she was not employed by defendants in any managerial or officer capacity; nor was she authorized to receive service of process on behalf of any named defendant.  (Gardini Aff. at 2).  Pro se plaintiff did not respond at all to defendants' challenge of service, and thus, cannot demonstrate that he properly served defendants.

In any event, pro se plaintiff's failure to properly serve would not be fatal, incurable, or warrant dismissal with prejudice.  Notwithstanding an apparent failure to effectuate proper service, in the interest of judicial economy and with consideration that plaintiff is proceeding pro se, this Court will allow plaintiff the opportunity to execute further proper service on defendants, if necessary.  Defendants' counsel shall indicate to plaintiff within thirty (30) days of this decision whether defendant, Manhattan Motorcars, Inc., ia willing to waive service pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  If defendant is unwilling to waive service, plaintiff will have thirty (30) days from the date of such notification to serve Manhattan Motorcars, Inc., by personally delivering a copy of the summons and complaint to Brian Miller, president and CEO,  or Evan Christodoulou, general manager of Manhattan Motorcars, or any

other designated duly authorized individual. Defendants shall bear the cost of such service, pursuant to Rule 4(d)(2)(A) of the Federal Rules of Civil Procedure, if plaintiff must effectuate further service because of defendants' refusal to waive. Following waiver or service, defendant shall have twenty (20) days to answer the remaining claims in the plaintiff's complaint.

## CONCLUSION

Defendants' motion to dismiss plaintiff's claim for breach of contract and breach of express warranty is DENIED. Defendants' motion to dismiss plaintiff's claims for fraudulent inducement is GRANTED. Defendants' motion to dismiss all claims against the individual defendants Brian Miller and Evan Christodoulou is GRANTED. Plaintiff's cross-motion for partial summary judgment is DENIED.

Dated: August 4, 2008
New York, New York

SO ORDERED:

George B. Daniels
GEORGE B. DANIELS
United States District Judge

11