UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x
RENZER BELL,                                                        :
                                    Plaintiff,                      :     **ORDER**
                                                                    :     06-cv-4972 (GBD)
            - against -                                             :
                                                                    :
MANHATTAN MOTORCARS, INC., ET AL.,                                  :
                                    Defendant.                      :
------------------------------------------------------------------- x

GEORGE B. DANIELS, United States District Judge:

*Pro se* plaintiff Renzer Bell brings this action, alleging that defendant failed to deliver to Naki General Investment, L.L.C. ("Naki") the first model of a 2002 vehicle that defendant received from Porsche Cars North America, L.L.C. On August 4, 2008, this Court denied plaintiff's motion for partial summary judgment and granted defendants' motion to dismiss plaintiff's claims for fraudulent inducement as well as claims plaintiff asserted against certain individual defendants. This Court referred this case to Magistrate Judge Frank Maas for general pretrial supervision. Magistrate Judge Maas subsequently issued a Report and Recommendation ("Report") recommending that this case be dismissed for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b). This court adopts the Report's recommendation in its entirety.

In a September 15, 2008 order, Magistrate Judge Maas properly advised plaintiff that under the requirements for appearance set forth in 28 U.S.C. § 1654, the company on whose behalf plaintiff was attempting to sue must be represented by counsel in order to prosecute its claims. See Order, Docket No. 26; see also 28 U.S.C. § 1654 (2006); Lattanzio v. COMTA, 481

F.3d 137, 140 (2d Cir. 2007) ("a limited liability company ... may appear in federal court only through a licensed attorney"); Jones v. Niagra Frontier Transp. Auth., 722 F.2d 20, 22 (2d Cir. 1983) (same). Magistrate Judge Maas ordered Bell to have counsel appear in this lawsuit by October 17, 2008. The magistrate judge granted plaintiff's October 16, 2008 request for an enlargement of time to obtain counsel by November 6, 2008. Report at 1-2. However, no attorney filed a notice of appearance, and plaintiff's deadline to obtain counsel has long since expired. Id. at 2. On November 20, 2008, Magistrate Judge Maas issued a report and recommendation that this case be dismissed for want of prosecution, since Bell failed to comply with the Court's directive to secure counsel.

This Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1) (2006). When parties submit objections to a magistrate's report, the Court must make a *de novo* determination of those portions of a report to which objections are made. Id.; see also Williams v. Beemiller, Inc., 527 F.3d 259, 261-62 (2d Cir. 2008). A district judge may also receive further evidence from the parties after reviewing a report or recommit the matter to the magistrate judge with further instructions. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C) (2006). If the parties do not submit objections, the Court may accept a report provided there is no clear error on the face of the record. See Role v. Eureka Lodge No. 434, I.A. of M & A.W. AFL-CIO, 402 F.3d 314, 317 (2d Cir. 2005).

In his November 20, 2008 Report, the magistrate judge advised the parties that failure to file objections within ten days of service of the Report would constitute a waiver of those objections for purposes of appeal. See Report at 2; 28 U.S.C. 636(b)(1)(A) (2006); Fed. R. Civ.

P. 72(b). Neither party filed timely objections. However, on December 23, 2008, more than one month after the Report was served, plaintiff filed a motion to set aside and modify the Report. This Court has reviewed plaintiff's motion and considered it as objections to the Report.

Upon *de novo* review of the instant matter, this Court finds that the magistrate judge's determinations are amply supported by the both the evidentiary record and the law. Plaintiff argues that he was the sole beneficiary of the financial interests of the limited liability company, and his voluntary dissolution was not a "mere procedural device" to circumvent the general rule that an individual layperson should not represent the interest of an artificial entitity in Federal Court. He thereby contends that his *pro se* prosecution represents his own claim, and that the equitable application of the law should allow his lawsuit. However, the requirements clearly articulated by the Second Circuit in Lattanzio and Jones were correctly applied in the magistrate judge's September 15, 2008 order and in the Report.

This Court adopts the Report in its entirety. This case is dismissed.

Dated:   January 15, 2009
         New York, New York

                                                    SO ORDERED:

                                                    George B. Daniels
                                                    George B. Daniels
                                                    United States District Judge